HALL, Judge.
The appellant, Malka Isaak, contends that the trial court erred in finding that no credible evidence existed to establish an oral contingency fee contract for attorney’s fees. We agree and reverse.
In 1981, appellee Chardan Corporation purchased a substantial amount of real estate by paying approximately one-fourth down and financing the $400,000 balance through a purchase money mortgage. Chardan then attempted to obtain a construction loan to build a condominium on the property and to obtain a loan to refinance the mortgage. Chardan was unable to obtain any additional financing and defaulted on the mortgage. Thereafter, foreclosure proceedings were initiated against the property.
Two officers of Chardan Corporation, Charles Parr, president, and Daniel Hansen, vice president, came to Isaak seeking representation in the foreclosure action. Isaak had acted as Parr’s attorney on previous occasions in legal matters involving property development. At the time, Char-dan did not have the financial ability to pay an attorney on an hourly basis. Thus, according to Isaak, she agreed to represent Chardan in the foreclosure action for a one-third contingency fee and to assist Chardan in its attempt to obtain financing.
Isaak succeeded in delaying foreclosure of the property for some time. Subsequently, the officers of Chardan negotiated the sale of the property and the money received from the sale was placed in escrow; however, Isaak was not informed of the sales negotiations.
Since Isaak did not know that Chardan had sold the property, she never sent a bill to Chardan for her services. She believed that the mortgagee had acquired the deed to the property and that all Chardan’s rights to the property were lost. The corporation never reimbursed Isaak for her out-of-pocket expenses.
Eventually, Isaak learned of the sale of the property through Hansen and, in December 1984, filed a claim against the Chardan Corporation, the estate of Charles Parr, and Theodore Steffens, trustee of the escrow account. The case proceeded to a nonjury trial on May 27, 1987. An amended final judgment was entered on October 1, 1987, in which the trial court determined that no credible evidence existed to establish the oral contingency fee contract and, accordingly, awarded Isaak a fee based on a quantum meruit theory. The court held that when Isaak accepted representation of Chardan the likelihood of success was below zero, which called for a risk factor multiplier of three. The court found that Isaak could have reasonably performed 150 hours of work on the case and that she was entitled to $100 per hour. Therefore, the court, by multiplying the $15,000 fee by the risk multiplier of three, found that Isaak was entitled to attorney’s fees totaling $45,000.
Isaak appeals and argues that under the oral contingency fee agreement, she was entitled to one-third of the $180,000 received by Chardan for the property.
The appellees concede that Isaak is entitled to reasonable compensation for her services but dispute the existence of a contingency fee agreement. The appellees argue that the evidence establishes that Is-aak was only entitled to $5,000 in fees. This assertion is based on testimony introduced by the appellees at trial that Parr’s son, the personal representative of Charles Parr’s estate, called Isaak after his father’s death and asked if his father owed her attorney’s fees for any work she had done and that Isaak replied that she had not been paid approximately $5,000 for a small amount of time relating to the Chardan property. In contrast, Isaak’s testimony was that she told Parr’s son that Parr owed her $500 for work done in another matter. The trial court stated that it believed Isaak’s version of the story.
Also in evidence before the trial court was Hansen’s deposition testimony in *1366 which Hansen testified that he, as an officer of the corporation, agreed to the one-third contingency fee arrangement with Is-aak because he felt that the only alternative at the time was foreclosure of the property. The trial court discounted Hansen’s testimony as being biased because the trial court believed Hansen had personally guaranteed the attorney’s fees and would benefit from testifying that the officers acting in behalf of Chardan had agreed to pay the fees on a contingency basis.
We find that the trial court erred in finding that there was no substantial, competent evidence to support the existence of an oral contingency fee agreement. Isaak testified as to the terms of the agreement, and Hansen’s testimony corroborated that evidence. The only other participant in the oral contract, Parr, is deceased. Even if we found Hansen’s testimony not to be credible, as the trial court did, there was no evidence presented by the appellees to rebut Isaak’s testimony.
Accordingly, we reverse the trial court’s determination that no contingency fee agreement existed as being unsupported by the record. As was stated in Hull v. Miami Shores Village, 435 So.2d 868, 871 (Fla. 3d DCA 1983): “[I]f the trial court’s decision is manifestly against the weight of the evidence or is contrary to the legal effect of the evidence, it becomes the duty of the appellate court to reverse such a decision.”
Because of our disposition of the case which addresses Isaak’s point on appeal, we find it unnecessary to reach the points raised by the appellees on cross-appeal.
Reversed and remanded with directions to set aside the trial court’s award of attorney’s fees and to enter a judgment for attorney’s fees based on the contingency fee agreement.
SCHEB, A.C.J., and SCHOONOVER, J., concur.